United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30642
Conference Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

SHAWN M. COCKERHAM,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:02-CR-60041-RFD
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Shawn M. Cockerham appeals his guilty-plea conviction and

sentence for being a felon in possession of ammunition and

firearms.  Cockerham contends that his sentence is invalid in

light of United States v. Booker, 125 S. Ct. 738 (2005), because

the sentencing judge applied the sentencing guidelines as if they

were mandatory.  We review for plain error.  United States v.

Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition

for cert. filed (July 25, 2005) (No. 05-5556); United States v.

--------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Malveaux, 411 F.3d 558, 560 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). To prevail under a plain error analysis, Cockerham must show: "(1) error, (2) that is plain, and (3) that affects his substantial rights." United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005) (internal quotations and citation omitted), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). If these three conditions are met, this court has the discretion to correct the error, "but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Valenzuela-Quevedo, 407 F.3d at 733 (citation and internal quotations marks omitted).

To demonstrate that the plain error affected his substantial rights, Cockerham has the burden of showing that the error "affected the outcome of the district court proceedings." Id. (internal quotations and citation omitted). He must demonstrate "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." Mares, 402 F.3d at 521.

There is nothing in the record to suggest that Cockerham's sentence would have been any less had the court applied the sentencing guidelines as advisory rather than mandatory. See Valenzuela-Quevedo, 407 F.3d at 733-34. Cockerham thus fails to establish prejudice to his substantial rights. The judgment of the district court is AFFIRMED.